# EXHIBIT B

2/26/2021 11:31 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 50957787
By: Courtni Gilbert
Filed: 2/26/2021 11:31 AM

CAUSE NO. _____

| | | |
|---|---|---|
| Vanessa Oviedo | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Samuel Kofi-Opata & | § | |
| Volume Transportation, Inc. | § | |
| | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

Plaintiff Vanessa Oviedo ("Plaintiff") complains of Samuel Kofi-Opata and Volume Transportation, Inc. ("Defendants"), and would respectfully show the Court the following:

### I.

### Nature of Action

1.      Plaintiff suffered injuries as a result of being struck by Defendants vehicle.

### II.

### Discovery Level

2.      Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### III.

### Jurisdiction and Venue

3.      The claims asserted arise under the common law of Texas.

4.      Venue is proper because the incident occurred in this County.

5.      Plaintiff seeks an amount less than $75,000.00.

## IV.

## Parties

6.      Plaintiff resides in Harris County, Texas.

7.      Defendant Sameul Kofi-Opata may be served by personal delivery to 4487 White-Hill Place, Douglasville, Georgia 30135.

8.      Defendant Volume Transportation, Inc. is a Georgia company that may be served through its registered agent Larry Sellers at 133 Gantt Lane, Fayetteville, Georgia 30215.

## V.

## Facts

9.      On or about January 21, 2021, Plaintiff suffered injuries as a result of Defendant's negligence. Specifically, Defendants' 18-Kofi-Opata truck merged into Plaintiff's lane and struck Plaintiff's vehicle. As a result of the collision, Plaintiff suffered injuries to her hand, legs, and other parts of her body.

## VI.

## Causes of Action

**A.**   ***Negligence.***

10.     Plaintiff repeats and realleges each allegation contained above.

11.     Plaintiff sustained injuries because of Defendant's negligence when Defendant:

- Failed to control his vehicle's speed;

- Failed to operate his vehicle safely;

- Failed to keep a proper lookout;

Certified Document Number: 94543805 - Page 2 of 6

- Failed to stay in his lane;

- Failed to maintain a safe distance; and

- Other acts so deemed negligent.

12.     As a result of Defendant's negligence, Plaintiff suffered severe physical injuries.

Plaintiff is entitled to recover for his injuries.

**B.**     ***Negligent Hiring.***

13.     Plaintiff repeats and realleges each allegation contained above.

14.     Plaintiff sustained injuries as a result of Defendant's negligent hiring because

of Defendant's:

- Failure to conduct a reasonable and adequate interview of Mr. Kofi-Opata as a potential employee.

- Failure to properly follow up on information not provided by Mr. Kofi-Opata in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Mr. Kofi-Opata's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Mr. Kofi-Opata.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**C.**     ***Negligent Training.***

15.     Plaintiff repeat and reallege each allegation contained above.

16.     Plaintiff sustained injuries as a result of Defendant's negligent training because of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Mr. Kofi-Opata.

- Failure to provide the necessary training to Mr. Kofi-Opata regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Kofi-Opata, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

### D.   *Negligent Supervision, Retention, and Monitoring.*

17.     Plaintiff repeat and reallege each allegation contained above.

18.     Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Mr. Kofi-Opata to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Kofi-Opata to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Mr. Kofi-Opata, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Mr. Kofi-Opata to ensure that he was keeping the vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**E.      *Negligent Entrustment.***

19.      Plaintiff repeat and reallege each allegation contained above.

20.      Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle to Samuel Kofi-Opata who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

**VII.**

**Discovery to Defendants**

21.      Plaintiff refers Defendant to the attached Interrogatories, Request for Production, and Request for Disclosure, and notifies Defendant that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

**VIII.**

**Prayer**

Plaintiff pray for relief and judgment in a monetary amount less than $75,000.00, as follows:

- Past and future medical damages;

- Past and future loss of earnings;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Costs of court;

- Such other and further relief as the Court may deem just and proper.

## IX.

### Jury Trial Demanded

Plaintiff hereby demand a trial by jury.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ M. Paul Skrabanek*

_____
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail:  paul@pstriallaw.com
           service@pstriallaw.com

**ATTORNEY FOR PLAINTIFF**

Certified Document Number: 94543805 - Page 6 of 6



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.

Witness my official hand and seal of office this   February 4, 2022

Certified Document Number:        94543805 Total Pages:  6

*Marilyn Burgess*

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

3/29/2021 10:09 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51910358
By: Kevin Childs
Filed: 3/29/2021 10:09 AM

## CAUSE NO. 2021-11217

| | | |
|---|---|---|
| VANESSA OVIEDO | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | HARRIS COUNTY TEXAS |
| | § | |
| SAMUEL KOFI-OPATA & | § | |
| VOLUME TRANSPORTATION, INC. | § | |
| | § | |
| **Defendants** | § | 80th JUDICIAL DISTRICT |

### DEFENDANTS' ORIGINAL ANSWER
### AND DEMAND FOR JURY TRIAL

The Defendants, SAMUEL KOFI-OPATA and VOLUME TRANSPORTATION, INC. ("Volume"), for Answer to Plaintiff's Original Petition would respectfully show the Court the following:

### I.

In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny the allegations in this lawsuit made by Plaintiff and demand strict proof thereof in accordance with the Constitution and laws of the State of Texas.

### II.

Additionally and alternatively, without waiver of the foregoing, Defendant, Volume, further asserts that no act or omission on its part was a proximate and/or producing cause of the occurrence and/or damages complained of by Plaintiff.

### III.

Additionally and alternatively, without waiver of the foregoing, Defendant, Volume would show that the injuries and damages, if any, as alleged by Plaintiff, were not caused by any act of

negligence, either of omission or of commission, on the part of Defendant Volume, but, to the contrary, such injuries and damages as alleged by Plaintiff were proximately caused or contributed to be caused by the negligence of some third party, whether a party to this lawsuit or not, over whom Defendants have no supervision or control.

**IV.**

Additionally and alternatively, without waiver of the foregoing, Defendants would show that the accident made the basis of this suit was an unavoidable accident as that term is defined by Texas case law.

**V.**

Additionally and alternatively, without waiver of the foregoing, Defendants would show that the accident made the basis of this suit was the result of a new and independent cause not resulting from acts and/or omissions by Defendants.

**VI.**

Additionally and alternatively, without waiver of the foregoing, Defendants are entitled to credit on the amount of any judgment rendered against them for settlement by the Plaintiff of claims against other parties and/or potential parties to this action in accordance with §33.012 of the Texas Civil Practice and Remedies Code.

**VII.**

Additionally and alternatively, without waiver of the foregoing, Defendants specifically plead and incorporate by reference as an affirmative defense all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, which are provided by law, including, but not limited to, those set forth in Chapter 41 of the Texas Civil Practice & Remedies Code, Sections 41.001 through 41.013.

634723.1 PLD 0002921 21586 RTH

**VIII.**

Defendants further plead that on the occasion in question Plaintiff failed to exercise that degree of care which a person of ordinary care would have exercised in the same or similar circumstances, and that such failure was the sole cause and/or proximate cause of the alleged injuries.

**IX.**

Further, Defendants plead the application and benefits of Civil Practices and Remedies Code Sec. 18.091 to any damage award.

**X.**

Further, Defendants plead the application and benefits of Texas Finance Code 304.101 through 304.105.

**XI.**

Defendants assert that Plaintiff has failed to properly mitigate her damages.  Plaintiff failed to take reasonable steps, delayed unreasonably and, in so doing, took steps compounding her alleged damages.  Had Plaintiff timely and diligently taken steps to avoid and/or mitigate her alleged damages, such damages would have been reduced or avoided.  Because of her failure to mitigate damages, Plaintiff is barred in whole or in part from recovering damages, if any, in this action.

**XII.**

Pleading further, to the extent that Plaintiff had or has coverage under a health insurance policy, hospitalization insurance policy, accident insurance policy, a "health benefit plan" as defined by §146.001(1) of the Texas Civil Practice & Remedies Code, and/or any other insurance and/or indemnity coverage that would be applicable to, or provide coverage for, any of the medical

634723.1 PLD 0002921 21586 RTH

and and/or healthcare expenses allegedly incurred by Plaintiff in connection with the incident in question and/or the injuries allegedly resulting therefrom, the Defendants would show that Plaintiff failed to mitigate her alleged damages by failing to submit such healthcare expenses to her insurance carrier and/or other health benefit plan and/or by failing to timely inform the health care service provider of the existence of such insurance coverage and/or health benefit plan and requesting that the health care service provider submit a claim for reimbursement to the Plaintiff's insurer(s) and/or health benefit plan.

## XIII.

Furthermore, to the extent that Plaintiff's health care service provider(s) failed and/or refused to timely and directly bill the insurer and/or health benefit plan for health care services provided when required or authorized to do so, then claims by such health care service provider(s) are barred, in whole or in part, and do not constitute medical expenses actually paid or incurred by or on behalf of the Plaintiff.  See, §146.001, et. seq. of the Texas Civil Practice & Remedies Code ("Certain Claims by Health Care Service Providers Barred").

## XIV.

## JURY DEMAND

Defendants respectfully request a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing by this suit against Defendants, and for such other and further relief, both general and special, at law and in equity, to which Defendants may be justly entitled.

634723.1 PLD 0002921 21586 RTH

Respectfully submitted,

**LORANCE THOMPSON, P.C.**

_____
Ryan T. Hand
SBN: 24012777
Elizabeth L. Carey
SBN: 03791800
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: rth@lorancethompson.com
Email: elc@lorancethompson.com
**ATTORNEY FOR DEFENDANTS**

<u>**CERTIFICATE OF SERVICE**</u>

On this 29th day of March, 2021, a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

M. Paul Skrabanek
**PIERCE SKRABANEK, PLLC**
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Email: paul@pstriallaw.com
        service@pstriallaw.com

_____
Ryan T. Hand

634723.1 PLD 0002921 21586 RTH



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   February 4, 2022

Certified Document Number:        95039849 Total Pages:  5

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

2/9/2022 11:47 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 61582991
By: cassie combs
Filed: 2/9/2022 11:47 AM

CAUSE NO. 2021-11217

| | | |
|---|---|---|
| Vanessa Oviedo | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| Samuel Kofi-Opata & | § | |
| Volume Transportation, Inc. | § | |
| | § | |
| Defendants | § | 80TH JUDICIAL DISTRICT |

## FIRST AMENDED PETITION

Plaintiff Vanessa Oviedo ("Plaintiff") complains of Samuel Kofi-Opata and Volume Transportation, Inc. ("Defendants"), and would respectfully show the Court the following:

### I.

### Nature of Action

1.    Plaintiff suffered injuries as a result of being struck by Defendants vehicle.

### II.

### Discovery Level

2.    Discovery in this matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

### III.

### Jurisdiction and Venue

3.    The claims asserted arise under the common law of Texas.

4.    Venue is proper because the incident occurred in this County.

5.    Plaintiff seeks an amount more than $250,000 but less than $1,000,000.

Certified Document Number: 100288657 - Page 1 of 8

## IV.

### Parties

6.      Plaintiff resides in Harris County, Texas.

7.      Defendant Sameul Kofi-Opata has appeared in this action and may be served through counsel of record.

8.      Defendant Volume Transportation, Inc. has appeared in this action and may be served through counsel of record.

## V.

### Facts

9.      On or about January 21, 2021, Plaintiff suffered injuries as a result of Defendant's negligence. Specifically, Defendants' 18-Kofi-Opata truck merged into Plaintiff's lane and struck Plaintiff's vehicle. As a result of the collision, Plaintiff suffered injuries to her hand, legs, and other parts of her body.

## VI.

### Causes of Action

**A.      *Negligence.***

10.      Plaintiff repeats and realleges each allegation contained above.

11.      Plaintiff sustained injuries because of Defendant's negligence when Defendant:

- Failed to control his vehicle's speed;

- Failed to operate his vehicle safely;

- Failed to keep a proper lookout;

- Failed to stay in his lane;

Certified Document Number: 100288657 - Page 2 of 8

- Failed to maintain a safe distance; and

- Other acts so deemed negligent.

12. As a result of Defendant's negligence, Plaintiff suffered severe physical injuries.

Plaintiff is entitled to recover for his injuries.

**B.   Negligent Hiring.**

13. Plaintiff repeats and realleges each allegation contained above.

14. Plaintiff sustained injuries as a result of Defendant's negligent hiring because

of Defendant's:

- Failure to conduct a reasonable and adequate interview of Mr. Kofi-Opata as a potential employee.

- Failure to properly follow up on information not provided by Mr. Kofi-Opata in the interview process.

- Failure to conduct a proper employment and background check.

- Failure to sufficiently investigate Mr. Kofi-Opata's training, prior employment, criminal record, and past.

- Failure to perform the required screening, testing, and physical of Mr. Kofi-Opata.

- Failure to adopt proper policies and procedures regarding the interview of a potential employee who will be driving a tractor/trailer on the highways of the State of Texas.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**C.   Negligent Training.**

15. Plaintiff repeat and reallege each allegation contained above.

16. Plaintiff sustained injuries as a result of Defendant's negligent training because

of Defendant's:

- Failure to explain and demonstrate its safety policies and procedures to Mr. Kofi-Opata.

- Failure to provide the necessary training to Mr. Kofi-Opata regarding driving this vehicle, vehicle safety, safety classes, how to properly and safely drive the vehicle, the proper method to maintain a vehicle, the proper way and the necessity of keeping the vehicle clean and in proper working order, and in all matters regarding the proper and safe operation of a vehicle and the maintenance of vehicle in various situations.

- Failure to properly train its drivers regarding all aspects of driver safety.

- Failure to train its employees, including Mr. Kofi-Opata, regarding safe and proper operation of a vehicle such as a person and/or company of ordinary care would have done in the same or similar circumstances.

- Failure to provide and/or require regular follow-up driver education and training.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**D.    *Negligent Supervision, Retention, and Monitoring.***

17.    Plaintiff repeat and reallege each allegation contained above.

18.    Plaintiff sustained injuries as a result of Defendant's negligent supervision, retention and monitoring because of Defendant's:

- Failure to monitor Mr. Kofi-Opata to make sure that he was complying with policies and procedures.

- Failure to interview and test Mr. Kofi-Opata to make sure he had read, and was familiar with, understood, and followed the company policies and procedures.

- Failure to implement proper policies and procedures for its employees, including Mr. Kofi-Opata, regarding driver safety and vehicle safety.

- Failure to document and make a determination regarding fault in the accident made the basis of this suit.

- Failure to supervise Mr. Kofi-Opata to ensure that he was keeping the

vehicle properly maintained.

- Such other and further acts of negligence as may be shown in the trial of this cause as discovery progresses.

**E.**     *Negligent Entrustment.*

19.     Plaintiff repeat and reallege each allegation contained above.

20.     Plaintiff sustained injuries as a result of Defendant's negligent entrustment because Defendant:

- Provided a vehicle to Samuel Kofi-Opata who was not properly trained and did not have the proper education, background, training, or experience to safely operate the vehicle, and who was an incompetent and/or reckless driver.

## VII.

## <u>Discovery to Defendants</u>

21.     Plaintiff refers Defendant to the attached Interrogatories, Request for Production, and Request for Disclosure, and notifies Defendant that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

## VIII.

## <u>Prayer</u>

Plaintiff pray for relief and judgment in a monetary amount more than $250,000 but less than $1,000,000, as follows:

- Past and future medical damages;

- Past and future loss of earnings;

- Past and future physical pain and suffering and mental anguish;

- Past and future impairment;

- Past and future disfigurement;

- Interest on damages (pre- and post-judgment) in accordance with law;

- Costs of court;

- Such other and further relief as the Court may deem just and proper.

## IX.

### Jury Trial Demanded

Plaintiff hereby demand a trial by jury.

Respectfully submitted,

**PIERCE SKRABANEK, PLLC**

*/s/ M. Paul Skrabanek*

_____

M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail:  paul@pstriallaw.com
            service@pstriallaw.com

**ATTORNEY FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

 This pleading was served in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on the 9th day of February, 2022.


*/s/ M. Paul Skrabanek*

_____

M. PAUL SKRABANEK

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kerin Quiroz on behalf of M. Skrabanek
Bar No. 24063005
kerin@pstriallaw.com
Envelope ID: 61582991
Status as of 2/9/2022 12:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Office E-Service | | service@pstriallaw.com | 2/9/2022 11:47:19 AM | SENT |
| Ryan Hand | | rth@lorancethompson.com | 2/9/2022 11:47:19 AM | SENT |
| Elizabeth Carey | | elc@lorancethompson.com | 2/9/2022 11:47:19 AM | SENT |
| Mayah Griffin | | mg@lorancethompson.com | 2/9/2022 11:47:19 AM | SENT |
| Ryan Hand | | Efile1@lorancethompson.com | 2/9/2022 11:47:19 AM | SENT |
| M. Paul Skrabanek | | paul@pstriallaw.com | 2/9/2022 11:47:19 AM | SENT |



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 10, 2022

Certified Document Number:        100288657 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**